(128 App. Div. 99.)

### PEOPLE v. FRANK.

(Supreme Court, Appellate Division, Second Department. October 9, 1908.)

PERJURY—SUBORNING PERJURY—VARIANCE.

    A conviction for procuring a witness to testify falsely that she did not see a particular person between specified dates cannot be sustained, where the proof shows that the witness testified that she saw such person on certain occasions within that period.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perjury, §§ 97–106.]

Appeal from Westchester County Court.

Alpheus S. Frank was convicted of suborning perjury, and he appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

David H. Hunt, for appellant.

Francis A. Winslow, for respondent.

PER CURIAM. The defendant has been convicted of the crime of subornation of perjury. The indictment charged him with feloniously and willfully instigating, inducing, and procuring one Mae Herbert, the plaintiff in a civil action for negligence, to swear falsely upon the trial of her case that she "never saw the said Abbott Woods between the 1st day of April, 1904, and the 27th day of June in the same year," whereas in truth and in fact she had seen him frequently between those days, and that this was a material question upon the trial of the civil case. To sustain the charge against the defendant, the stenographer who reported the civil case was called as a wit-

ness, and all of Mae Herbert's evidence in that case was introduced. It appears, upon an inspection of her testimony in the civil case, however, that she did not testify that she never saw Abbott Woods between the 1st day of April, 1904, and the 27th day of June in the same year  Without doubt she committed perjury during her case. · She was indicted, and pleaded guilty, and has served a term for the offense; but she did not swear falsely in the respect charged in the indictment here, for the very obvious reason that she did not testify she never saw Woods between the given dates, but, on the other hand, testified on three distinct occasions that she did see and meet Woods some time in April, 1904. It is unfortunate that the indictment as drawn did not meet the case. From an examination of the record we think it is plain how the learned district attorney fell into this error. The indictment upon which Mae Herbert was arraigned and to which she pleaded guilty charged her with having testified falsely in her civil case that she "never saw the said Abbott Woods between the 1st day of April in the year 1904 and the 27th day of June in the same year," and the indictment in this case was drawn from and followed the language of the indictment of the Herbert case. This question had not been raised in the Herbert case, for she pleaded guilty. The error was, therefore, not noticed, and found its way into this.

The statement of the perjury of Herbert set forth in the indictment is that she never saw Woods between certain dates. The people have tried to sustain the indictment by showing distinctly that she did not so testify, but swore that she had seen Woods between those dates, namely, on the occasion in April when she met him. It is apparent, therefore, not only that the charge of the indictment was not proved, but was actually disproved, and the conviction may not stand. Inasmuch as the conviction cannot be sustained on account of this fundamental variance between the charge in the indictment and the proof, no good purpose would be served by discussing the questions of corroboration and the weight of evidence, which were ably presented by counsel for both parties at the bar.

The judgment of conviction must be reversed, the verdict set aside, and a new trial ordered.